IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UMG RECORDINGS, INC., a Delaware corporation; ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; ATLANTIC RECORDING CORPORATION, a Delaware corporation; ARISTA RECORDS LLC, a Delaware limited liability company; BMG MUSIC, a New York general partnership; CAPITOL RECORDS, INC., a Delaware corporation; VIRGIN RECORDS AMERICA, INC., a California corporation; and SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership,<br><br>        Plaintiffs,<br><br>        v.<br><br>RICHARD TUCCITTO,<br><br>        Defendant. | CASE NO. 8:06CV410<br><br><br><br><br><br>JUDGMENT AND<br>PERMANENT INJUNCTION<br>BASED ON STIPULATION |

This matter is before the Court on the parties' Stipulation to Judgment and Permanent Injunction (Filing No. 7). The Plaintiffs have alleged that Defendant Richard Tuccitto distributed (including by uploading) and/or reproduced (including by downloading) via the Internet or an online media distribution system copyrighted sound recordings owned or controlled by the Plaintiffs, some of which are identified in the 24-page Exhibit A to the Plaintiffs' Complaint, without the Plaintiffs' authorization, in violation of 17 U.S.C. § 501. Without admitting or denying liability, Defendant has not contested Plaintiffs' allegations, and he has acknowledged that such conduct is wrongful. Tuccitto, who is represented by counsel, has stipulated that he has been properly and validly served with a Summons and

Complaint in this matter, and that he is subject to the jurisdiction of this Court. (Filing No. 7, ¶ 5). The Court finds that it has jurisdiction of the parties and over the subject matter of this case. Accordingly,

    IT IS ORDERED, ADJUDGED AND DECREED:

    The parties' Stipulation to Judgment and Permanent Injunction (Filing No. 7) is approved; and judgment is entered in favor of the Plaintiffs and against the Defendant as follows:

1. Defendant shall pay to Plaintiffs the sum of $9,280.00;

2. Defendant shall pay Plaintiffs' costs of suit (filing fee and service of process fee) in the amount of $420.00;

3. Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by:

    a) using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs; or

    b) causing, authorizing, permitting, or facilitating any third party to access the Internet or any online media distribution system through the use of an Internet connection and/or computer equipment owned or controlled by Defendant, to

      reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs;

4. Defendant is ordered to immediately destroy all copies of Plaintiffs' Recordings that Defendant and/or any third party that has used the Internet connection and/or computer equipment owned or controlled by Defendant has downloaded without Plaintiffs' authorization onto any computer hard drive or server owned or controlled by Defendant, and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control;

5. Defendant irrevocably and fully waives notice of entry of the Judgment and Permanent Injunction, and understands and agrees that violation of the Judgment and Permanent Injunction will expose Defendant to all penalties provided by law, including for contempt of Court;

6. Defendant irrevocably and fully waives any and all right to appeal this Judgment and Permanent Injunction, to have it vacated or set aside, to seek or obtain a new trial thereon, or otherwise to attack in any way, directly or collaterally, its validity or enforceability;

7. Nothing contained in the Judgment and Permanent Injunction shall limit the right of Plaintiffs to recover damages for any and all infringements by Defendant of any right under federal copyright law or state law occurring after the date Defendant executes the Stipulation to Judgment and Permanent Injunction; and

8.       Defendant shall not make any public statements that are inconsistent with any term of the Stipulation to Judgment and Permanent Injunction.

DATED this 6th day of November, 2006.

                              BY THE COURT:

                              s/Laurie Smith Camp
                              United States District Judge